IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Sellars, | C/A No. 0:13-2711-JMC-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| William Byars, Director of SCDC; Cecilia Reynolds, Warden of Kershaw, | |
| Respondent. | |

The petitioner, Ronnie Sellers ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner is serving a cumulative twenty-year sentence handed down in 1997 for several felony counts in Spartanburg County General Sessions Court. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual Background**

Petitioner filed his case using this court's form for a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (AO 241). (See ECF No. 1.) Petitioner states that he is not challenging his convictions, but rather, that he is "at an improper facility." (Id.) He explains that SCDC assigned him to employment with the Clinton City Police Department, along with an "M01B custody," which allowed him to be employed away from the prison. (Id. at 6.)

Petitioner adds that he was so assigned until August 2013 when, without any disciplinary charge, hearing, or notification, he was transferred and placed at a higher level of custody. Petitioner complains that, as a result, he lost his job and he was moved away from his family, which obstructs his visitation. Petitioner asks to be transferred to a "proper facility," to be re-assigned to his former job "or identical status," or for "any relief deemed just and proper by this court." (Id. at 17.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (the "AEDPA"); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When



a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

As an initial matter, Defendant William Byars should be dismissed as a respondent because he is not the proper respondent in this habeas corpus action.  The prisoner's custodian is the proper respondent in a habeas corpus action.  Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, Petitioner's warden is the proper respondent.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  To the extent that Petitioner complains particularly about the incidents of his incarceration, such as being transferred from one facility to another, the correct procedure is to bring a petition under 28 U.S.C. § 2241: "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).



Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (stating that exhaustion also required under 28 U.S.C. § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (discussing Braden, 410 U.S. 484).

With respect to his desire to be transferred or to have his custody status adjusted, Petitioner does not indicate that he has properly exhausted his state court remedies. In this matter, Petitioner appears to raise an administrative issue; therefore, exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the South Carolina Administrative Law Court as outlined in Al-Shabazz, with appeal to the state appellate courts. Al-Shabazz v. State, 527 S.E.2d 742, 752-57 (S.C. 2000) (discussing the application of the APA and the review process);



203(b)(6), SCACR; see also Slezak v. S.C. Dep't of Corrs., 605 S.E.2d 506, 507 (S.C. 2004); S.C. Code Ann. § 1-23-610(A)(1).  In the present action, it is readily apparent from the face of the Petition that Petitioner has not attempted to utilize the administrative grievance process and subsequent state remedies to address this matter.[1]  Cf. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 683 (4th Cir. 2005) (indicating that if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate).

Moreover, to the extent that Petitioner challenges the loss of his prison job, by expressing a desire to be re-assigned to his job with the Clinton City Police Department, such a claim is a challenge to the conditions of his confinement, rather than the execution of his sentence, and is not cognizable under § 2241.  A challenge to prison conditions, which do not affect the fact or length of a prisoner's custody, are properly raised through a civil rights action.  Preiser, 411 U.S. at 499; Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (concluding that a claim unrelated to the legality of a prisoner's confinement was cognizable under 42 U.S.C. § 1983, but not under 28 U.S.C. § 2254); see also Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs not cognizable in a habeas petition, where release from custody was not an available remedy); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action).

---

[1] Petitioner has affixed to the Petition a copy of an order from the South Carolina Supreme Court which advises him to "seek relief through the administrative process." (ECF No. 1-1 at 1) (citing Al-Shabazz, 527 S.E.2d 742).



**III.     Conclusion**

Accordingly, it is recommended that the instant Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return.

                                                                            _____
                                                                            Paige J. Gossett
                                                                            UNITED STATES MAGISTRATE JUDGE

January 3, 2014
Columbia, South Carolina

                    *Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).